IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00022-CYC

AUDREY L. TENNYSON,

      Plaintiff,

v.

DOUGLAS COUNTY, Board of County Commissioners
MOUAZONG YANG, Colorado, Community Parole Officer (CPO)
ELISA BAJARANO, Colorado, CPO Supervisor

      Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's Prisoner Motion for Appointment of Counsel, ECF No. 12, (the "Motion"). Oral argument will not materially assist in the resolution of this matter, and the Motion is appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Unfortunately, at this point, the plaintiff's request is premature and, as such, for the reasons that follow, the Motion is **DENIED without prejudice**.

### BACKGROUND

The plaintiff initiated this action by filing a pro se complaint on January 2, 2026. ECF No. 1. He was granted leave to proceed in forma pauperis, ECF No. 4, and was ordered to amend his complaint. ECF No. 6. As a result, the first amended complaint is the operative pleading. ECF No. 7. The plaintiff brings this 42 U.S.C. § 1983 action against the defendants for alleged due process violations. ECF No. 7. He also brings a variety of claims against the defendants

under Colorado state law. *Id*. In short, the plaintiff alleges that on December 4, 2023, he was arrested on a suspected parole violation and was detained for 128 days "without any legitimate reasons, without any subsequent hearings, before" he was released on April 10, 2024 "as if he had never been detained 128 days." *Id.* at 5. The plaintiff brings municipal liability claims against defendant Douglas County, Board of County Commissioners. *Id*. at 6–21.

**ANALYSIS**

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. This case, for example is still in its very early stages — the defendants have not yet been served and the Court has not held a status conference. *See Diaz v. USI Ins. Servs.*, No. 18-cv-03280-NYW, 2019 WL 13444833, at *2 (D. Colo. Mar. 8, 2019). The plaintiff notes that he has contact "over one-dozen attorney[s]" in his quest for representation in this case, ECF No. 12 at 2, and states that "counsel will better be able to investigate and depose state actors," *id*. at 3. To be sure, "having counsel appointed would . . . assist[ ] him in presenting his strongest possible case," but "the same could be said in any case." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Indeed, there is no right to counsel in civil cases. *See Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010) ("Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel."); *see also Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent."). In support of the Motion, the plaintiff states that his case "involves multiple federal and state law claims." ECF No. 12 at 2. While there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's first amended complaint is not amongst the most complex that find their way into federal court.

In sum, this case is at an early stage, it is not overly complex from a reading of the first amended complaint, and it is yet unclear how meritorious the plaintiff's claims are. Should the plaintiff's circumstances materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

## CONCLUSION

For the foregoing reasons, the plaintiff's Prisoner Motion for Appointment of Counsel, ECF No. 12, is **DENIED without prejudice**.

Entered and dated this 14th day of April 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

4