IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00022-CYC

AUDREY L. TENNYSON,

Plaintiff,

v.

DOUGLAS COUNTY, Board of County Commissioners
MOUAZONG YANG, Colorado, Community Parole Officer (CPO)
ELISA BAJARANO, Colorado, CPO Supervisor

Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's Renewed Motion for Appointment of Counsel (the "Motion"), ECF No. 75. Oral argument will not materially assist in the resolution of this matter, and the Motion is appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Unfortunately, at this point, as with his first motion for the appointment of counsel, the plaintiff's request is premature and, as such, for the reasons that follow, the Motion is **DENIED without prejudice**.

## BACKGROUND

The plaintiff initiated this action by filing a pro se complaint on January 2, 2026. ECF No. 1. He was granted leave to proceed in forma pauperis, ECF No. 4, and was ordered to amend his complaint. ECF No. 6. As a result, the first amended complaint is the operative pleading. ECF No. 7. The plaintiff brings this 42 U.S.C. § 1983 action against the defendants for alleged

due process violations. ECF No. 7. He also brings a variety of claims against the defendants under Colorado state law. *Id*. In short, the plaintiff alleges that on December 4, 2023, he was arrested on a suspected parole violation and was detained for 128 days "without any legitimate reasons, without any subsequent hearings, before" he was released on April 10, 2024 "as if he had never been detained 128 days." *Id.* at 5. The plaintiff brings municipal liability claims against defendant Douglas County, Board of County Commissioners ("Douglas County"). *Id*. at 6–21.

The plaintiff served defendant Bejarano and defendant Douglas County, but his efforts to serve defendant Yang through the U.S Marshal's Service has thus far been unsuccessful. ECF Nos. 17, 18, 28, 43, 46, 52. Via an internet search, the plaintiff determined that defendant Yang was recently hired by the Weld County Sheriff's Department, and the Marshal's Service attempted to serve him there but the summons was returned unexecuted. ECF Nos. 43, 52. Defendant Douglas County filed an answer, ECF No. 34, and defendant Bejarano filed a motion to dismiss, ECF No. 56, to which the plaintiff has filed a response, ECF No. 56. That motion remains pending, and the parties are engaged in discovery. ECF No. 65.

The plaintiff previously filed a Prisoner Motion for Appointment of Counsel, ECF No. 12, which was denied without prejudice. ECF No. 14. In denying the motion, the Court acknowledged that although the plaintiff, like virtually any *pro se* litigant, would benefit from the appointment of counsel, "this case is at an early stage, it is not overly complex from a reading of the first amended complaint, and it is yet unclear how meritorious the plaintiff's claims are." *Id.* at 3. "Should the plaintiff's circumstances materially change," the Court explained, the plaintiff could "renew his request for appointment of counsel at a later date." *Id.*

## ANALYSIS

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. Fundamentally, the plaintiff's circumstances have not changed so much from when he filed his first motion as to warrant the appointment of counsel. First, the case is still in its early stages—the parties are litigating defendant Bejarano's motion to dismiss and only began discovery recently. Second, the nature and complexity of the factual issues remains the same.

The plaintiff alleges that he was improperly detained for a period of four months without appropriate legal process. Although he raises "multiple claims and legal theories [ ] against multiple defendants," ECF No. 75 at 2, they arise from this same straightforward factual predicate. And due to the case's early procedural posture, it is still as yet unclear whether the plaintiff's claims have merit. Third, the plaintiff has demonstrated the ability to present his claims, having filed an amended complaint in response to a court order and submitted a cogent, albeit lengthy, response to Bejarano's motion to dismiss. He has also competently managed the other parts of the litigation to this point, including but not limited to participating in the Federal Rule of Civil Procedure 16(b) Scheduling Conference, seeking service on the defendants, and requesting an extension of time to file his response. Although the plaintiff is incarcerated, he will be able to pursue factual investigation through the discovery process.

The plaintiff notes that he has contacted over twenty civil attorneys in his quest for representation in this case without success, ECF No. 75 at 3, but this fact, standing alone, does not necessitate the appointment of counsel. Nor has the plaintiff demonstrated that are any special circumstances that must be factored into the analysis. *See McCarthy*, 753 F.2d at 837. At bottom, while "having counsel appointed would . . . assist[ ] him in presenting his strongest possible case," the plaintiff has failed to carry his burden to demonstrate why the interest of justice favor the appointment of counsel in this case at this stage. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

In the alternative, the plaintiff requests the appointment of counsel for the limited purposes of effecting service on and conducting discovery. ECF No. 75 at 4. But it is unclear why the plaintiff believes that counsel will succeed where he has failed in locating defendant Yang. And for the reasons stated above, the plaintiff has not demonstrated that the general

challenges of conducting discovery as a *pro se* inmate demand the appointment of counsel. Accordingly, his request to appoint counsel for these limited purposes is denied. Should the plaintiff's circumstances materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

**CONCLUSION**

For the foregoing reasons, the plaintiff's Renewed Motion for Appointment of Counsel, ECF No. 75, is **DENIED without prejudice**.

Entered and dated this 21st day of October 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge